ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 3, 2004

Mr. William Treacy
Executive Director
Texas State Board of Public Accountancy
333 Guadalupe, Tower III, Suite 900
Austin, Texas 78701-3900

Opinion No. GA-0159

Re: Whether section 901.405(e) of the Occupations Code requires a person whose license to practice public accountancy has been expired for two years or more to obtain a new certificate, for which an examination is required (RQ-0102-GA)

Dear Mr. Treacy:

On behalf of the Texas State Board of Public Accountancy (the "Board"), you ask whether section 901.405(e) of the Occupations Code requires a person whose license to practice public accountancy has been expired for two years or more to obtain a new certificate, for which an examination is required.[1] See TEX. OCC. CODE ANN. § 901.405(e) (Vernon 2004).

Under chapter 901 of the Occupations Code, which regulates accountants, a person who wishes to practice as a certified public accountant must have two documents: a certificate and a license. See id. §§ 901.251(a), .401(a). Only a person with both documents may use the title "certified public accountant," "CPA," or "public accountant," or may hold him- or herself out as an "accountant." Id. §§ 901.451-.453(b). An individual who holds him- or herself out as an accountant, a certified public accountant, or a public accountant without both a certificate and a license commits a criminal offense and may be subject to a disciplinary action, administrative penalties, and an order to pay restitution. See id. §§ 901.502, .551, .601, .6015, .602.

Section 901.252 sets out five statutory eligibility requirements for receiving a certificate:

To be eligible to receive a certificate, a person must:

(1) be of good moral character as determined under Section 901.253;

---

[1]See Letter from Mr. William Treacy, Executive Director, Texas State Board of Public Accountancy, to Honorable Greg Abbott, Texas Attorney General, at 2 (Sept. 2, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

        (2) meet the education requirements established under Section 901.254 or 901.255;

        (3) pass the uniform CPA examination;

        (4) meet the work experience requirements established under Section 901.256; and

        (5) pass an examination on the rules of professional conduct as determined by board rule.

*Id.* § 901.252; *see also* 22 TEX. ADMIN. CODE § 511.161 (2003). In addition to the five statutory requirements, an applicant for certification must submit requisite examination and certification fees,[2] as well as execute an oath of office. *See* TEX. OCC. CODE ANN. §§ 901.303-.304(a); 22 TEX. ADMIN. CODE § 511.161(4), (7) (2003).

    "An individual who holds a certificate . . . must also hold a license," which must be renewed every twelve months. *See* TEX. OCC. CODE ANN. § 901.401(a) (Vernon 2004); 22 TEX. ADMIN. CODE § 515.1(a) (2003). To qualify for license renewal, a licensee annually must complete at least twenty hours of accredited continuing professional education. *See* 22 TEX. ADMIN. CODE § 523.63 (2003); *see also* TEX. OCC. CODE ANN. § 901.411(a) (Vernon 2004). Section 901.405 sets out the renewal procedure:

        (a) A person who is otherwise eligible to renew a license may renew an unexpired license by paying the required renewal fee to the board before the expiration date of the license. . . .

        (b) A person whose license has been expired for 90 days or less may renew the license by paying to the board a renewal fee that is equal to 1-½ times the normally required renewal fee.

        (c) A person whose license has been expired for more than 90 days but less than one year may renew the license by paying to the board a renewal fee that is equal to two times the normally required renewal fee.

        (d) A person whose license has been expired for at least one year but less than two years may renew the license by paying to the board a renewal fee that is equal to three times the normally required renewal fee.

---

[2]The fee for the initial filing of the examination application is $50, which is nonrefundable. *See* 22 TEX. ADMIN. CODE § 521.12 (2003). The fee for the entire examination is $234. *See id.* § 521.2(b). The fee for the initial issuance of a CPA certificate is $50. *See id.* § 521.9.

(e) A person whose license has been expired for two years or more may not renew the license. *The person may obtain a new license by complying with the requirements and procedures, including the examination requirements, for obtaining an original license.*

(f) A person who was licensed in this state, moved to another state, and is currently licensed and has been in practice in the other state for the two years preceding the date of application may obtain a new license without reexamination. The person must pay to the board a fee that is equal to two times the normally required renewal fee for the license.

TEX. OCC. CODE ANN. § 901.405 (Vernon 2004) (emphasis added). The annual fee for a person's license is $40 ($10 of which is directed toward a scholarship fund) unless the individual is "in retired or disabled status." 22 TEX. ADMIN. CODE § 521.1(a) (2003); *see also id.* § 521.8.

Chapter 901 describes certain circumstances in which a person may lose his or her certificate. For example, the Board may revoke a certificate for illegal use of the designations "certified public accountant" and "CPA" or for failing to obtain a license within three years of certification. *See* TEX. OCC. CODE ANN. § 901.502(3), (5) (Vernon 2004); *see also id.* § 901.501(a) (setting out the Board's disciplinary powers). But except for the situation described in section 901.502(4), where a licensee has failed to renew his or her license "not later than the third anniversary of the date on which the person most recently obtained or renewed the license," the failure to renew a license is not tied to the loss of a certificate. *See id.* § 901.502(4); *see also id.* § 901.501(a) (setting out the Board's disciplinary powers).

A person whose certificate has been revoked may apply in writing for a reinstated certificate. *Id.* § 901.507(1); *see* 22 TEX. ADMIN. CODE §§ 511.168, .171 (2003). According to Board rule, the individual must establish that he or she has completed the requisite number of hours of continuing professional education and must pay all fees and penalties that are due. *See* 22 TEX. ADMIN. CODE §§ 511.168(a)-(b), .171 (2003). The Board may recertify a person who has complied with the statutory and regulatory requirements. *See* TEX. OCC. CODE ANN. § 901.507(1) (Vernon 2004).

You ask first whether "the words 'original license' [in the second sentence of section 901.405(e)] mean . . . that . . . a certificate holder who has allowed his license to lapse for more than two years need only pay the required fees and report the required [continuing professional education] because those are the only requirements to obtain a license for a CPA who holds a valid certificate." Request Letter, *supra* note 1, at 2. You point out that section 901.405(e), under which a person whose license expired two years ago or more must comply "with the requirements and procedures, including the examination requirements, for obtaining an original license," is ambiguous when considered in the context of the two documents required to practice public accounting. TEX. OCC. CODE ANN. § 901.405(e) (Vernon 2004); *see* Request Letter, *supra* note 1, at 2. As you state,

> [t]he requirements for obtaining an "original license" are that the applicant complete the required application, be a certificate holder, obtain the required number of hours of [continuing professional education,] and pay the required fees. . . . There is no examination requirement to obtain a license. A certificate holder retains his certificate until it is revoked by the Board. The only examination requirement pertains to the obtaining of a certificate.

Request Letter, *supra* note 1, at 2.

The legislature adopted subsection (e) in 2003 following review of the Board by the Sunset Advisory Commission. *See* Act of May 29, 2003, 78th Leg., R.S., ch. 525, § 19, 2003 Tex. Gen. Laws 1795, 1801; SUNSET ADVISORY COMM'N, STAFF REPORT: TEXAS STATE BOARD OF PUBLIC ACCOUNTANCY ET AL. 38 (Oct. 2002). The Sunset Advisory Commission inserts into licensing statutes an "[a]cross-the-[b]oard" requirement that a licensee who has failed to renew the license within a certain time period must obtain a new license. SUNSET ADVISORY COMM'N, STAFF REPORT: TEXAS STATE BOARD OF PUBLIC ACCOUNTANCY ET AL. 38 (Oct. 2002); *see* SUNSET ADVISORY COMM'N, SUNSET OCCUPATIONAL LICENSING MODEL 13 (Oct. 2003) ("[P]enalties for delinquent renewal . . . vary among state licensing agencies. This provision is aimed at ensuring comparable treatment for all licensees.").[3] While the standard Sunset language may work well in other contexts, its application to the Board is, as you suggest, confusing.

In construing the second sentence of section 901.405(e), we face a difficult choice. If we construe the phrases "new license" and "original license" in the second sentence of section 901.405(e) to mean a license obtained under chapter 901, the phrase "including the examination requirements" would have no meaning under the current licensing system. We must presume that the legislature did not intend to adopt a meaningless provision. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998); *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978) (stating that "every word in a statute is presumed to have been used for a purpose . . . and that the Legislature did not intend to do a useless thing by" adopting a "meaningless provision"). On the other hand, if we ascribe meaning to the phrase "including the examination requirements" by reading the phrases "new license" and "original license" to mean a certificate obtained under section 901.252, we would read into the statute the automatic revocation of a certificate when the certificate-holder's license has been

---

[3]The provision has been inserted into several other licensing statutes. For example, section 113.093 of the Natural Resources Code, which pertains to the renewal of the Texas Railroad Commission-issued licenses authorizing a licensee to engage in the liquefied petroleum gas industry, prohibits a person whose license has been expired for one year from renewing the license. *See* TEX. NAT. RES. CODE ANN. § 113.093(d) (Vernon Supp. 2004). The person may "obtain a new license by complying with the requirements and procedures, including the examination requirements, for obtaining an original license." *Id.* The phrase "including the examination requirement" was added in 2001 following Sunset Commission review. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1233, § 41, 2001 Tex. Gen. Laws 2843, 2866; HOUSE RESEARCH ORG., HOUSE COMM. ON ENERGY RESOURCES, BILL ANALYSIS, Tex. S.B. 310, 77th Leg., R.S. (2001) (stating, with respect to the bill that added the language "including the examination requirement" to section 113.093(d), that the Railroad Commission will expire if not continued by the bill's passage). For similar examples, see TEX. OCC. CODE ANN. § 257.002(d) (Vernon 2004) (pertaining to licenses granted by Board of Dental Examiners); *id.* § 1001.353(d) (pertaining to licenses granted by the Board of Professional Engineers).

expired for two years. Enacting legislation by inserting such a revocation into the statute is typically the province of the legislature, not this office. *See* Tex. Att'y Gen. Op. No. JC-0360 (2001) at 2-3 (declining to infer statutory authority for a taxing unit to voluntarily reduce its tax rate). Further, construing the statute to require automatic revocation of the certification effectively renders meaningless section 901.502(4), which authorizes (but does not require) the Board to revoke the certificate of a person whose license has not been renewed for three years. *See* TEX. OCC. CODE ANN. § 901.502(4) (Vernon 2004).

We conclude that the term "new license" in section 901.405(e) refers to a license, not a certificate. Because an accounting license does not require an examination, the phrase "including the examination requirements" has no meaning. Nevertheless, chapter 901 defines the terms "certificate" and "license" to mean separate documents, *see id.* § 901.002(3), (10); *see also* TEX. GOV'T CODE ANN. §§ 311.005, .011 (Vernon 1998) (suggesting that a term's statutory definition controls over general definitions and the word's common meaning), and the legislature otherwise has used the terms throughout chapter 901 consistently to reflect this distinction. *See, e.g.*, TEX. OCC. CODE ANN. §§ 901.401(a), .402(a), .501(a)(1), .502(1) (Vernon 2004). In addition, we have no persuasive evidence that the legislature intended to refer to an accounting certificate. To the contrary, the language of section 901.405(e) reflects an across-the-board recommendation of the Sunset Commission that is not tailored specifically to the practice of accounting, which requires both a certificate and a license. *See also Hearings on Tex. H.B. 1218 Before the House Comm. on Licensing & Administrative Procedures*, 78th Leg., R.S. (Apr. 3, 2003) (statement of Representative Chisum, *available at* http://www.house.state.tx.us/committees/broadcasts.php? session=78&cmte=350 (stating that, after two years, a licensee would "have to requalify"); *Tex. Sunset Advisory Comm'n Meeting* (Nov. 12, 2002), *available at* http://www.sunset.state. tx.us/audioarchives.htm (noting across-the-board recommendations); HOUSE RESEARCH ORG., HOUSE COMM. ON LICENSING & ADMINISTRATIVE PROCEDURES, BILL ANALYSIS, Tex. H.B. 1218, 78th Leg., R.S. (2003) (same) (making no mention of the new re-examination requirement). In our opinion, if the legislature wished to automatically revoke an accountant's certificate for nonrenewal of the license after two years and to require a reexamination, the statutory language would more clearly reflect that intent. Accordingly, to obtain a new license under section 901.405(e), a certificate holder must follow only the normal "requirements and procedures" for obtaining a new license, which do not include an examination requirement. TEX. OCC. CODE ANN. § 901.405(e) (Vernon 2004).

You have two remaining questions. You ask whether "the words 'including the examination requirements' mean that a certificate holder who has allowed his license to lapse for more than two years must re-take the [Uniform Certified Public Accountant Examination (the Uniform CPA Examination)] or the examination on the rules of professional conduct or both." Request Letter, *supra* note 1, at 2. You ask finally whether section 901.405(e) requires "a certificate holder who has allowed his license to lapse for more than two years must meet the current educational requirements of section 901.252(2), the current work requirements of section 901.252(4)[,] and undergo an evaluation . . . for good moral character as required by section 901.252(1)." *Id.*

Given our conclusion that a certificate holder whose license has lapsed under section 901.405(e) need not undergo another certification examination, these questions are moot.

## S U M M A R Y

Section 901.405(e) of the Occupations Code, under which a person whose accounting license has been expired for two years or more may not renew the license but may obtain a "new license by complying with the requirements and procedures, including the examination requirements, for obtaining an original license," requires the person to obtain a new license, but not a new certificate. The statutory phrase "including the examination requirements" does not require the person to undergo a certification examination.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee